IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

BLONDELL HOWARD                : CIVIL ACTION
                               :
     vs.                       :
                               : NO. 09-CV-4530
WAL-MART SUPERCENTER and       :
WAL-MART STORES, INC.          :

## MEMORANDUM AND ORDER

**JOYNER, J.**                                    **November 30, 2009**

Plaintiff, Blondell Howard has filed a motion to have this matter remanded to the Court of Common Pleas of Philadelphia County where it was originally filed. For the reasons which follow, the motion shall be denied.

## Factual Background and History

It appears from the face of the complaint that this suit has its origins in an incident which occurred on July 25, 2008 at the Wal-Mart Supercenter store located at 1000 Easton Road, in Cheltenham Township, Montgomery County Pennsylvania. On that date, it is alleged that the plaintiff was a business invitee and/or licensee lawfully on Wal-Mart's premises when an "improperly placed ladder" fell on her in one of the store's aisles. As a result of this accident, which Plaintiff avers was caused by the "negligence, recklessness and/or carelessness of the defendants," Plaintiff "suffered various serious and permanent personal injuries, serious impairment of body function

and/or permanent serious disfigurement, and/or aggravation of pre-existing conditions including but not limited to: cervical strain and sprain, right arm contusion, partial tear of the distal rotator cuff, and any other ills, injuries, all to plaintiff's great loss and detriment." (Complaint, ¶s 6-7, 11). Plaintiff further alleges that "[a]s a result of these injuries, all of which are to plaintiff's great financial detriment and loss, plaintiff has in the past, is presently, and may in the future, suffer great pain, anguish, sickness and agony,"... "emotional injuries" ..., that she "has, is presently, and may in the future undergo a great loss of earnings and/or earning capacity..." and "has incurred or will incur, medical, rehabilitative and other related expenses in the amount equal to and/or in excess of any applicable health insurance coverage for which [she] has not been reimbursed..." (Complaint, ¶s 11-15).

Although in her *ad damnum* clauses, Plaintiff avers that she "demands judgment in an amount not in excess of Fifty Thousand ($50,000.00) Dollars, plus all reasonable attorney's fees, costs, and any other relief the court deems necessary," Paragraph 8 of the Complaint reads: "If Arbitration Hearing is appealed, Plaintiff demands a jury trial in an amount in excess of fifty-thousand ($50,000.00) dollars. Prior to removing this case from state court on October 1, 2009, the defendants endeavored to get the plaintiff to stipulate that her damages were less than

2

$75,000, the minimum amount required to confer diversity jurisdiction on this Court pursuant to 28 U.S.C. §1332(a). The plaintiff, however, refused to so stipulate and the defendants proceeded to file their Notice of Removal in accordance with 28 U.S.C. §1446. In response, the plaintiff filed the instant Motion to Remand with which we are here concerned.

## **Discussion**

The general principles and procedure for removal of actions from the state to the federal courts are outlined in 28 U.S.C. §§1441 and 1446. Section 1441(a) provides as follows in relevant part:

> Except as otherwise expressly provided by Act of Congress, any civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant or the defendants, to the district court of the United States for the district and division embracing the place where such action is pending...

Under Section 1446, removal is accomplished by filing, within 30 days of receipt of the original pleading by the defendant, a Notice of Removal in the U.S. District Court for the district and division within which the action is pending. That notice must contain a short and plain statement of the grounds for removal and must be filed along with copies of all process, pleadings and orders served upon the defendants. 28 U.S.C. §1446(a), (b). In cases in which subject matter jurisdiction is shown to be lacking, remand is appropriate. See, 28 U.S.C. §1447(c).

Under the foregoing statutes, the propriety of removal thus depends on whether the case originally could have been brought in federal court. City of Chicago v. International College of Surgeons, 522 U.S. 156, 163, 118 S. Ct. 523, 529, 139 L. Ed. 2d 525 (1997). The district courts of the United States, as the Supreme Court has said many times, are "courts of limited jurisdiction," possessing "only that power authorized by Constitution and statute." Exxon Mobil Corp. v. Allapattah Services, 545 U.S. 546, 552, 125 S. Ct. 2611, 2616, 162 L. Ed. 2d 502 (2005), quoting Kokkonen v. Guardian Life Insurance Co. of America, 511 U.S. 375, 377, 114 S. Ct. 1673, 128 L. Ed. 2d 391 (1994). In order to provide a neutral forum for what have come to be known as diversity cases, Congress also has granted district courts original jurisdiction in civil actions between citizens of different States, between U.S. citizens and foreign citizens, or by foreign states against U.S. citizens. Exxon Mobil v. Allapattah, 545 U.S. at 552, 125 S. Ct. at 2617, citing 28 U.S.C. §1332. To ensure that diversity jurisdiction does not flood the federal courts with minor disputes, §1332(a) requires that the matter in controversy in a diversity case exceed a specified amount, currently $75,000. Id.

The requirement that this minimum amount be in controversy applies to removed cases as well as to litigation filed originally in the federal court. Samuel-Bassett v. Kia Motors

America, Inc., 357 F.3d 392, 396 (3d Cir. 2004). The removal statutes are to be strictly construed against removal and all doubts should be resolved in favor of remand. Brown v. Francis, 75 F.3d 860, 865 (3d Cir. 1996); Packard v. Provident National Bank, 994 F.2d 1039, 1044-45 (3d Cir. 1993); Boyer v. Snap-On Tools, Corp., 913 F.2d 108, 111 (3d Cir. 1990). It is further important to bear in mind that the parties may not confer jurisdiction by consent, although plaintiffs may limit their claims to avoid federal subject matter jurisdiction. See, St. Paul Mercury Indem. Co. v. Red Cab Co., 303 U.S. 283, 294, 58 S. Ct. 586, 82 L. Ed. 845 (1938)("If [the plaintiff] does not desire to try his case in the federal court he may resort to the expedient of suing for less than the jurisdictional amount, and though he would be justly entitled to more, the defendant cannot remove."); Morgan v. Gay, 471 F.3d 469, 474 (3d Cir. 2006)("The Supreme Court has long held that plaintiffs may limit their claims to avoid federal subject matter jurisdiction."); Meritcare, Inc. v. St. Paul Mercury Insurance Co., 166 F.3d 214, 217 (3d Cir. 1999)("In assessing the amount in controversy, it is also important to bear in mind that the parties may not confer jurisdiction by consent, a principle that is equally applicable in removal as well as original jurisdiction cases.").

A district court's determination as to the amount in controversy must be based on a reading of the plaintiff's

complaint at the time the petition for removal was filed. Werwinski v. Ford Motor Co., 286 F.3d 661, 666 (3d Cir. 2002). The court must measure the amount "not by the low end of an open-ended claim but by a reasonable reading of the value of the rights being litigated." Id., quoting Angus v. Shiley, 989 F.2d 142, 146 (3d Cir. 1993). The *ad damnum* clause in the complaint is often a convenient and customary reference point to ascertain the amount in controversy. Id. However, the rules in many state courts, Pennsylvania included, place limits on the amounts that may be recited in *ad damnum* clauses. Id.; See also, Pa. R. C. P. 1021(b). In fact, under Pennsylvania practice, "[i]n counties having rules governing compulsory arbitration the plaintiff shall state whether the amount claimed does or does not exceed the jurisdictional amount requiring arbitration referral by local rule." Pa. R. C. P. 1021(c). Because the diversity statute speaks in terms of dollars, the categories which a plaintiff cites must be translated into monetary sums. Samuel-Bassett, 357 F.3d at 399.

It is now settled law in the Third Circuit that the party asserting federal jurisdiction in a removal case bears the burden of showing, at all stages of the litigation, that the case is properly before the federal court. Frederico v. Home Depot, 507 F.3d 188, 193 (3d Cir. 2007). Generally speaking, the burden of proof borne by the proponent of federal jurisdiction where

relevant facts are not in dispute or factual findings have been made is to a legal certainty, such that federal jurisdiction exists unless it appears to a legal certainty, that the plaintiff was never entitled to recover the jurisdictional amount. Kaufman v. Allstate New Jersey Insurance Co., 561 F.3d 144, 151 (3d Cir. 2009); Samuel-Bassett, 357 F.3d at 398; DiBattista v. Dixon, Civ. A. No. 09-3086, 2009 U.S. Dist. LEXIS 65175 at *4 (E. D. Pa. July 27, 2009), quoting Samuel-Bassett, 357 F.3d at 397. Stated otherwise, a case must be remanded "if it appears to a legal certainty that the plaintiff *cannot* recover more than the jurisdictional amount of $75,000; the rule does not require the removing defendant to prove to a legal certainty the plaintiff can recover $75,000." DiBattista, supra. quoting Frederico, 507 F.3d at 195 (citing Valley v. State Farm Fire & Casualty Co., 504 F. supp. 2d 1, 3-4 (E. D. Pa. 2006).[1]

However, where the parties dispute the underlying facts concerning the jurisdictional amount requirement, the removing

---

[1] It should be noted that the legal certainty test is modified when a complaint expressly limits damages to a sum certain below the jurisdictional threshold. Goralski v. Shared Technologies, Inc., Civ. A. No. 09-2461, 2009 U.S. Dist. LEXIS 69042 at *7 (D. N.J. Aug. 7, 2009), citing Morgan, 471 F.3d at 474; Di Battista, supra. When a plaintiff so limits her complaint, the burden of the legal-certainty test shifts and the proponent of federal jurisdiction must show, to a legal certainty, that the amount in controversy actually concerns and/or exceeds the statutory minimum amount. Di Battista, supra., quoting Home Depot, 507 F.3d at 196 and Morgan, 471 F.3d at 474. Again, this is in contrast to cases where the plaintiff has not specifically averred in the complaint that the amount in controversy is less than the jurisdictional minimum; those cases must be remanded if it appears to a legal certainty that the plaintiff *cannot* recover the jurisdictional amount. Goralski, at *7-*8, quoting Home Depot, 507 F.3d at 196-197

7

party must prove by a preponderance of the evidence that the amount in controversy exceeds $75,000. Chrin v. Ibrix, Inc., Nos. 07-2931 and 07-3466, 293 Fed. Appx. 125, 2008 U.S. App. LEXIS 17647 (3d Cir. Aug. 15, 2008), citing Home Depot, at 194 and McNutt v. General Motors Acceptance Corp., 298 U.S. 178, 56 S. Ct. 780, 80 L. Ed. 1135 (1936).

In application of the preceding principles to the case at hand, we note that the parties here clearly dispute the jurisdictional amount in controversy and that the plaintiff and/or her counsel have provided conflicting statements concerning the amount of damages which they seek to recover.[2] To be sure, the plaintiff's complaint which was originally filed in the Philadelphia County Court of Common Pleas complies with Pa. R. C. P. 1021(b) and (c), as does the Civil Cover Sheet required under the local rules of Philadelphia County, by demanding judgment against the defendant for "an amount not in excess of Fifty-Thousand ($50,000.00) dollars plus all reasonable attorney's fees, costs and any other relief the court deems necessary," and seeking an arbitration hearing. However, at

---

[2] It is axiomatic that in evaluating the propriety of removal, a court is permitted to consider jurisdictional facts contained in later-filed affidavits as amendments to the removal petition where those facts clarify or correct technical deficiencies in the allegations contained in the original notice and that the court may engage in factual analysis beyond the pleadings to determine if it has subject matter jurisdiction. USX Corp. v. Adriatic Ins. Co., 345 F.3d 190, 206 (3d Cir. 2003), citing, *inter alia*, 28 U.S.C. §§1446(a) and 1653; Lewis v. Ford Motor Co., 610 F. Supp. 2d 476, 481 (W. D. Pa. 2009); Anthony v. Small Tube Mfg. Corp., 535 F. supp. 2d 506, 512 (E. D. Pa. 2007).

8

paragraph 8 of her complaint, the plaintiff also avers: "[i]f Arbitration Hearing is appealed, Plaintiff demands a jury trial in an amount in excess of fifty-thousand ($50,000.00) dollars." Additionally, in response to paragraphs 28 and 29 of Defendant's New Matter, the plaintiff further denies that "Plaintiff's damages, if any, are limited to an amount not in excess of $50,000.00/$75,000.00 at the arbitration and/or trial de novo in this matter." What's more, Plaintiff and/or her attorney refused defense counsel's letter request that she execute a stipulation capping damages in this matter at $75,000.00.

The foregoing pleadings and correspondence are all that is before us at this time. There does not appear to be any dispute that the plaintiff is a citizen of Pennsylvania while the defendant is a Delaware corporation with its principle place of business in Arkansas, or that the plaintiff was in the Wal-Mart Cheltenham/Wyncote store on the date at issue. While the plaintiff alleges that she suffered certain cervical, rotator cuff and other various personal injuries as the result of having a ladder fall onto her at the store, Wal-Mart denies those allegations and we have no documents, affidavits or other evidence from which we can make a finding as what value a jury could place on those injuries if both liability and damages were proven. This deficiency notwithstanding, we find the plaintiff's own conflicting representations reflective of the legal

*un*certainty that she can not recover an amount less than the jurisdictional minimum and supportive of the defendant's burden of proving that "the jurisdictional amount has more likely than not been satisfied."  See, Chirin, 293 Fed. Appx. at 128.  For these reasons, we are constrained to deny the motion for remand.

    An order follows.